IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                                                              NO. 4:22-CV-146-DMB-JMV

QUARTERION DIXON                                                                        DEFENDANT

**ORDER**

On September 19, 2022, the United States of America filed a complaint against Quarterion Dixon in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … civil penalties under the Financial Institutions Reform, Recovery and Enforcement Act ('FIRREA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Dixon's receipt of Paycheck Protection Program ('PPP') funds to which he was not entitled." Doc. #1 at PageID 1. The complaint alleges that Dixon, through false representations, received PPP loan proceeds totaling $41,666 (for which the Small Business Administration paid $5,000 in processing fees to the bank involved). *Id.* at PageID 7.

On November 25, 2022, the parties filed a "Joint Motion for Entry of Consent Judgment" representing that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided" in the proposed consent judgment forwarded to the Court's chambers. Doc. #5. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Dixon who appears pro se. Doc. #5.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of

> giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Dixon to pay $46,666.00 plus interest and a separate $400.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [5] is **GRANTED**. The parties' proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 29th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**